UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARGARET L. POSEY,

    Plaintiff,

v.

STEVEN T. MNUCHIN,
SECRETARY OF THE
TREASURY,

    Defendant.

Case No. 1:18-cv-299
JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

## OPINION AND ORDER

This cause comes before the Court on Magistrate Judge Litkovitz's March 2, 2020, Report and Recommendation ("R&R") (Doc. 30). That R&R recommends that this Court grant Defendant Steven Mnuchin's (the "Secretary") Motion for Summary Judgment (Doc. 25). Plaintiff Margaret Posey objected to the R&R (*see* Doc. 31), and the Secretary responded (*see* Doc. 33).

For the reasons stated more fully below, the Court **OVERRULES** Posey's Objection (Doc. 31) and **ADOPTS** the R&R (Doc. 30). As a result, the Court **GRANTS** the Secretary's Motion for Summary Judgment (Doc. 25), thereby **DISMISSING** this action **WITH PREJUDICE**.

## BACKGROUND

Margaret Posey is a sixty-eight-year-old African American female who has worked at the Internal Revenue Service ("IRS") for twenty years. (Compl., Doc. 1,

#12[1]). She was initially hired in 1998 as a seasonal data entry clerk before being promoted in 2004 to become a team lead for submission processing. (Posey Resume, Doc. 23-1, #893). Posey received another promotion in September 2010 to a position as a supervisory tax examining technician, where she was responsible for managing a team of employees. (*See* Posey Depo., Doc. 23, #627–30).

During Posey's employment at the IRS, she filed four Equal Employment Opportunity ("EEO") charges variously alleging racial discrimination, gender discrimination, age discrimination, and discrimination in reprisal for prior EEO activity. She filed these charges in 2003,[2] 2013, 2015, and 2016. (Final Agency Decision ("FAD") in IRS-15-1594-F and IRS-16-0224-F, Doc. 1-1, #35; Ltr. From J. Parker to M. Posey, Doc. 1-2, #58; Equal Employment Opportunity Commission ("EEOC") Decision in IRS-13-0510-F, Doc. 1-2, #62).

At least at the outset, Posey's Complaint in this Court purports to be an appeal of the Treasury's FAD in the 2015 and 2016 administrative cases. (*See* Compl., Doc. 1, #5). But Posey's Complaint also encompasses employment actions and issues not addressed in these two most recent EEO charges, alleging a broader "conspiracy" of

---

[1] Refers to PageID#.

[2] In her Complaint, Posey states that her first EEO charge was filed in 2003. (Compl., Doc. 1, #11). However, correspondence Posey attached to her Complaint states that the charge was filed in 2005 (Ltr. From J. Parker to M. Posey, Doc. 1-2, #58). Without purporting to decide which date is accurate, the Court will refer to this as the "2003 charge" for the sake of consistency. The Court further notes that whether the charge was filed in 2003 or 2005 is immaterial to its holding.

2

discrimination dating back to her first EEO filing in 2003 and continuing after the most recent EEO charges were filed in 2016. (*Id.*).

The Court begins by summarizing each of Posey's four EEO charges. The Court then describes more recent incidents that occurred after the most recent EEO charges were filed. The facts as stated are derived from Posey's verified Complaint, her deposition testimony, and documents that both parties submitted.

**A.     First EEO Charge**

Posey filed her first EEO charge, IRS-06-2136, in 2003 ("the 2003 charge"). (Ltr. From J. Parker to M. Posey, Doc. 1-2, #58). According to Posey's Complaint in this case, this charge arose after her manager forged Posey's name on an application for a vacant manager position while Posey was on leave. (Doc. 1, #9). Her supervisor then proceeded to hire a white, female friend for the position. (*Id.*).

Posey later amended this initial charge to include additional charges for retaliation based on prior EEO complaint activity. (Ltr. From J. Parker to M. Posey, Doc. 1-2, #58–59). Specifically, Posey alleges that her manager lowered her annual appraisal rating without justification and that she was not selected for other available positions because of her earlier EEO filings. (*Id.*). Posey has not submitted any documents related to a decision on this charge.

**B.     Second EEO Charge**

Posey filed her second EEO charge, IRS-13-0510-F ("the 2013 charge"), in response to multiple employment actions and issues. (EEOC Decision in IRS-13-0510-F, Doc. 1-2, #62). The EEOC summarized Posey as alleging in that charge that: (1)

3

from September 2010 on, she was not at the same grade level or receiving the same pay as a white male counterpart; (2) beginning in 2011, her supervisor failed to take proper actions to offer her any career development assignments; (3) in April 2013, Posey's supervisor engaged in a course of conduct that undermined Posey's managerial authority with her employees; (4) in May 2013, Posey's second-level supervisor reprimanded her for a letter she sent to a union representative and commanded her to sign a reprimand document; and (5) in June 2013, Posey's supervisor made threatening remarks in response to Posey's contact with the union. (*Id.*). The Treasury Department rejected Posey's charge in its FAD, which the EEOC upheld on appeal in May 2017. (*Id.* at #61–68).

### C.   Third And Fourth EEO Charge

The Agency issued a consolidated decision in response to Posey's third and fourth EEO charges (filed in 2015 and 2016, respectively). (FAD in IRS-15-1594-F and IRS-16-0224-F, Doc. 1-1, #35).

IRS-15-1594-F ("the 2015 charge") included four allegations: (1) Posey's manager placed a derogatory handwritten note in Posey's employee personnel file; (2) Posey was not reassigned to a different position as management had promised; (3) management improperly issued a counseling memorandum for an incident that occurred the prior month; and (4) management continued to deny Posey opportunities for career development within the IRS. (*Id.*).

IRS-16-0224-F ("the 2016 charge") alleged three specific incidents: (1) Posey's supervisor initiated a management inquiry against her in response to complaints by

Posey's employees; (2) Posey's manager issued her a memorandum regarding a Performance Feedback Conversation that wrongly criticized Posey; and (3) Posey's senior managers improperly interfered with Posey's managerial authority by undermining instructions Posey gave to her employees. (Ltr. To M. Posey, Doc 1-2, #53). The Agency rejected Posey's claims on both sets of charges in a single FAD issued on January 25, 2018 (FAD in IRS-15-1594-F and IRS-16-0224-F, Doc. 1-1, #45). Posey did not appeal the decision to the EEOC, instead filing this Complaint in May 2018. (Compl., Doc 1, #5).

**D.    Posey's Complaint Includes Other Allegedly Wrongful Acts By Her Employer.**

Posey asserts that the FAD issued in response to her 2015 and 2016 charges was "[u]nlawful and without merit." (*Id.*). But her Complaint also goes significantly beyond the specific actions and issues alleged in these two most recent EEO charges. Rather, Posey appears to allege that every employment issue and action she has faced since she filed her 2003 EEO charge is part of "a Conspiracy of ongoing Retaliation by means of Unlawful Employment Practices, resulting in a violation of Plaintiff [sic] Civil Rights." (*Id.*; *see also id.* at #6 ("Plaintiff feels that the Unlawful Ongoing Retaliation escalated to a continuation of ongoing cover up against her by method of Retaliation of crimes against her for filing a 2003 EEO Charges."); *id.* at #11 ("The Plaintiff believes that because of EEO dragging their feet for fourteen (14) years, they

5

have permitted the IRS Agency and Upper Management Staff to have their way with the Plaintiff since 2003 to present for filing an EEO claim against the Agency.")).

Posey also alleges that this pattern of discriminatory conduct continued after she filed her most recent EEO charges in 2015 and 2016. For example, Posey's Complaint states that the IRS engaged in a "[r]etaliatory act[]" by launching an anti-harassment inquiry into Posey's management of her team in late 2017 or early 2018. (*Id.* at #8 (citing Memorandum from G. Hudson to M. Posey, Doc. 1-3, #435)). As a result of this inquiry, Posey was removed from her managerial role at the agency, which Posey also alleges was an act of retaliation. (*Id.* at #8 (citing Memorandum from G. Hudson to M. Posey, Doc. 1-3, #435)).

## PROCEDURAL HISTORY

On May 2, 2018, Posey filed her Complaint in this case, appealing the FAD in the 2015 and 2016 charges and, as noted above, more broadly alleging a "conspiracy" of retaliation against her dating back to 2003. (Compl., Doc. 1, #5).

In June 2019, the Secretary moved for summary judgment. (Doc. 25). After briefing on the motion, the Magistrate Judge issued the R&R recommending that the Court grant summary judgment in favor of the Secretary. (Doc. 30). More specifically, the R&R found that Posey had failed to exhaust administrative remedies with regard to many of her claims, as required by statute, and was thus precluded from litigating the claims in this case. (R&R, Doc. 30, #1765–70). Separately, the R&R rejected Posey's due process claims and First Amendment claims because Posey had failed to

6

adequately state the claims in her Complaint. (*Id.* at 1770–72). The R&R also rejected other claims in Posey's Complaint as too "vague" for her to pursue. (*Id.* at #1792–93).

That left the discrimination claims that were related to incidents Posey had previously raised in her 2015 and 2016 EEO charges (and thus exhausted), including Posey's allegations that the Treasury Department management had discriminated or retaliated against her by: (1) improperly issuing a counseling memorandum in response to an earlier incident; (2) placing a derogatory handwritten note in her employee performance file; (3) failing to reassign Posey as promised; (4) initiating an inquiry against Posey in response to her employees' complaints; and (5) improperly undermining Posey's managerial authority. (*Id.* at #1772–90). The R&R also considered a general "hostile environment" claim. (*Id.* at #1791–92). With regard to each of these claims, the R&R found that Posey had failed to establish a case for any form of discrimination or retaliation. (*Id.* at #1772–92). Finding no genuine issue of material fact exists, the R&R recommended that the Secretary is entitled to judgment as a matter of law on all claims. (*Id.* at 1793–94).

Posey timely objected to the R&R (Obj. Doc. 31), and the Secretary responded (Doc. 33). The Court addresses both Posey's objections and the Secretary's responses below.

**LEGAL STANDARD**

Under Fed. R. Civ. P. 72(b)(3), district courts review an R&R de novo after a party files a timely objection. This review, however, applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL

5487045, at *1 (S.D. Ohio Sept. 30, 2013). In response to such an objection, "[t]he district court 'may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.'" *Id.* (quoting Fed. R. Civ. P. 72(b)(3)). However, a general objection "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. United States*, No. 1:16-cv-802, 2017 WL 680634, at *1 (S.D. Ohio Feb. 21, 2017). That is, the litigant must identify each issue in the R&R to which she objects with sufficient clarity that the Court can identify it, or else that issue is deemed waived. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That being said, here, the petitioner is proceeding pro se. A pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). At the same time, pro se litigants must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

The R&R at issue here addresses a motion for summary judgment. On that front, "[t]he 'party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions' of the record which demonstrate 'the absence of a genuine issue of material fact.'" *See, e.g.*, *Rudolph v. Allstate Ins. Co.*, No. 2:18-cv-1743, 2020 WL 4530600, at *3 (S.D. Ohio Aug. 6, 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

8

But the non-moving party cannot defeat a motion for summary judgment merely by pointing to any factual dispute. As the Sixth Circuit has explained, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Int'l Outdoor, Inc. v. City of Troy*, 974 F.3d 690, 697 (6th Cir. 2020) (bracket omitted) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).

## LAW AND ANALYSIS

### A. Posey Fails To Properly Object To Any Portion Of The R&R.

As a blanket matter, the Secretary argues that Posey fails to properly object to any portion of the R&R. (Resp. to Obj., Doc. 33, #18–19). The Court agrees. No part of Posey's Objections clearly identifies any specific portion of the R&R to which Posey objects or any specific error that the Magistrate Judge allegedly made.

Posey's Objection generally "disputes [that] the Defendant's Summary Judgment Motion [should] be granted." (Doc. 31, #1798). But this is where Posey's engagement with the R&R ends. Rather than stating specific points of disagreement with the R&R's legal and factual findings, the "substantive core" of Posey's objection is a list of employment actions and issues directed toward *the Secretary's* earlier arguments. (Resp. to Obj., Doc 33, #1877 (citing Obj., Doc. 31, #1798–800)). For example, Posey alleges that a supervisor "retaliated against [her] for her past EEO Activities and made reference to [Posey's] filing of an EEO claim in [a] memo and unlawfully placed it in the Plaintiff's [employee performance file]." (Obj., Doc 31,

9

#1799). How this incident, or any of the other issues Posey lists in her objections, relate to the R&R Posey never explains.

That is a problem because a litigant is required to object *to the R&R,* not merely rehash arguments already made against the opposing party's motion. *See Richards,* 2013 WL 5487045, at *1 (finding no proper objection where plaintiff only repeated the same arguments made in earlier briefing rather than identifying specific errors in the R&R). By attempting once again to rebut the Secretary's arguments, rather than addressing her objections squarely to the R&R, Posey fails to properly object to the R&R. That failure, in and of itself, would be a sufficient basis on which to adopt the R&R.

**B.     Posey's Arguments Are Meritless.**

While Posey has failed to object in a proper fashion, as she is a pro se litigant, the Court will do its level best to glean what it can from her objections as to her concerns about the R&R, and address those concerns that the Court can identify.

***1.     Posey Misstates the Administrative Exhaustion Requirement.***

Perhaps the closest Posey comes to engaging with the R&R itself, rather than with the Secretary's prior arguments, is in discussing administrative exhaustion.

Before a would-be plaintiff can file a Title VII suit, he or she must exhaust administrative remedies. *Lockett v. Potter,* 259 F. App'x 784, 786 (6th Cir. 2008) (citations omitted). As the R&R correctly explained:

> A federal employee must take several steps to exhaust her administrative remedies. *Lockett,* 259, F. App'x at 786. First, the employee must initiate contact with an EEO counselor without 45 days of the allegedly discriminatory action to attempt to informally resolve

10

> the matter. *Id.* (citing 29 C.F.R. § 1614.105(a)(1)). Second, the employee must file an individual complaint of discrimination with the agency that allegedly discriminated against her within the prescribed time limits. *Id.* (citing 29 C.F.R. § 1614.106(a)). Third, the individual must obtain an FAD. *Id.* (citing 29 C.F.R. § 1614.110(a)). The employee may appeal the FAD to the EEOC within 30 days of its receipt. *Id.* (citing 29 C.F.R. § 1614.402(a)). In the alternative, the employee can file a civil action in district court. *Id.* (citing 29 C.F.R. § 1614.407). The time limits for filing a civil suit are: '(a) Within 90 days of receipts of the [FAD] if no appeal has been filed; (b) After 180 days from the date of filing an individual … complaint if an appeal has not been filed and final action has not been taken; (c) Within 90 days of receipt of the Commissioner's final decision on an appeal; or (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission." 29 C.F.R § 1614.407(a)-(d); *see also* 42 U.S.C. § 2000e-16(c).

(R&R, Doc. 30, #1765–66). Based on this rule, the R&R found that Posey failed to timely exhaust "claims related to her 'lateral' transfer in 2018"; "claims related to the 2017 management inquiry that precipitated that transfer," and "claims related to any IRS employment actions or decisions that occurred prior to July 4, 2015." (*Id.* at #1767).

As with many of her arguments, Posey does not appear to object to the R&R's findings regarding her failure to exhaust administrative remedies. However, she does "dispute the *defendant's* claims that [she] did not timely exhaust [these claims]." (Obj., Doc 31, #1797). Taken at face value, that suffers from the flaw identified above—it attacks the opposing party's underlying argument, not the R&R itself.

But even treating this argument as though it were an objection to the R&R's findings regarding exhaustion, rather than a rehash of the argument below, the objection would be without merit. In support of her claim that she has satisfied the exhaustion requirement, Posey presses two distinct arguments: (1) she effectively

11

exhausted available administrative remedies by engaging in settlement discussions after this litigation had already commenced, (*id.* at #1797–98), and (2) even if she failed to exhaust her administrative remedies, as a member of a protected class under Title VII of the Civil Rights Act, she is exempt from any exhaustion requirements.[3] (*Id.*).

The Court takes them in that order. Posey is correct that she engaged in a court ordered settlement conference on April 8, 2019, in connection with this litigation. (Order Setting Settlement Conference, Doc. 21). But Posey's participation in that court-ordered settlement conference is irrelevant to the exhaustion requirement. As the Secretary correctly explains in his response to Posey's objections, "administrative exhaustion is a *pre*condition to suit; meaning, administrative EEO requirements must be completed prior to—not during—litigation." (Doc. 33, #1883). *See also Younis v. Pinnacle Airlines*, 610 F.3d 359, 361 (6th Cir. 2010) (explaining that "an employee

---

[3] As a third line of argument, Posey also suggests that she satisfied the exhaustion requirement merely by filing four EEO charges previously. (Obj., Doc. 31, #1797). This argument, however, does not respond to the R&R, which recognized that Posey had previously filed EEO charges. (Doc. 30, #1757). But the R&R concluded that these administrative actions did not exhaust Posey's claims with regard to every discriminatory incident she alleges in this lawsuit. This is because either (1) Posey did not address these allegedly discriminatory incidents in the administrative actions she pursued, or (2) they occurred more than 45 days before Posey's first contact with the EEO in connection with the EEO charges that gave rise to the present lawsuit and are thus time-barred. (*Id.* at #1767–70). Rather than address those shortcomings, Posey seems to suggest that the act of exhausting administrative remedies with regard to *any* past allegedly discriminatory actions satisfies the exhaustion requirement with regard to *all* claims of alleged discrimination. Because Posey's argument on this point is both (1) incorrect, and (2) not even indirectly responsive to the R&R's findings, the Court does not address it at further length here.

The Court similarly rejects Posey's suggestion that she satisfied the exhaustion requirement by reporting certain claims to her Agency Director. (Obj., Doc. 31, #1797). This argument does not respond to the R&R's finding that an official EEO charge must be filed and an FAD received before the employee may file suit in district court. (R&R, Doc. 30, #1765–66).

alleging employment discrimination in violation of [Title VII] must first file an administrative charge with the EEOC"). Thus, even if Posey had properly framed this argument as an objection to the R&R, the Court would reject the objection as meritless.

Separately, Posey attempts to circumvent the exhaustion requirement by arguing that it does not apply to her as a member of a protected class under the Civil Rights Act of 1964 and "therefore, the Plaintiff can bypass the Administrative Process and file her complaint in Federal Court regarding her claims." (Obj., Doc. 31, #1797). As support for this point, Posey primarily relies on the Supreme Court's 2019 decision in *Fort Bend County v. Davis*. 139 S. Ct. 1843 (2019). But *Fort Bend* does not support Posey's argument. The question the Court addressed in *Fort Bend* was whether "Title VII's charge-filing precondition to suit [was] a 'jurisdictional' requirement that can be raised at any stage of a proceeding; or … a procedural prescription mandatory if timely raised, but subject to forfeiture if tardily asserted." *Id.* at 1846. Because the Secretary properly raised the exhaustion requirement as an affirmative defense in both his Answer (Doc. 8, #566), and his Motion for Summary Judgment (Doc. 25, #1164), the issue facing the Court in *Fort Bend* is irrelevant here. On the contrary, *Fort Bend* explicitly characterizes the filing of a charge with the EEOC as a

13

"precondition to the commencement of a Title VII action in court"—thus further undermining Posey's hypothetical objection. *Id.* at 1846.

### *2. Posey Cannot State New Claims in Her Response to the Secretary's Motion for Summary Judgment.*

Posey also gestures towards the R&R in her objection in discussing whether she waived her right to bring a Due Process Claim by failing to state it in her Complaint. (Obj., Doc. 31, #1801).

"It is well-settled that a plaintiff may not expand [his or her] claims to assert new theories in response to summary judgment or on appeal." *Renner v. Ford Motor Co.,* 516 F. App'x 498, 504 (6th Cir. 2013). Rather, as the R&R correctly explains, "if the plaintiff wishes to expand her claims 'mid-stream,' then 'the proper procedure … is to amend the complaint in accordance with [Fed. R. Civ. P.] 15(a).'" (Doc. 30, #1771).

Based on this rule, the R&R rejected Posey's efforts to raise a due process claim. "Because plaintiff first raised her [due process] claim in opposition to defendant's motion for summary judgment, defendant has not had an opportunity to address plaintiff's claim. Plaintiff therefore may not pursue her due process claim in this lawsuit." (*Id.* at #1772).

Here again, Posey does not directly object to the R&R's findings. But she does direct an argument toward the Secretary that could perhaps be read as an indirect response to the R&R as well. "Although, the Defendant argues that the Plaintiff failed to introduce the Due Process Law, without mention the Constitution of the Due Process in her case … pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." (Doc 31, #1801). Posey's argument thus appears to be

14

that, although she may not have raised the due process claim in her Complaint, the Court should retroactively read the due process claim as being present in her Complaint all along.

As the Court noted at the outset, Posey is correct that, as a pro se plaintiff, the Court will construe her pleadings and filings liberally. *Haines*, 404 U.S. at 520–21. However, she attempts to apply this rule too broadly. As Sixth Circuit observed: "although liberal construction requires active interpretation of the filings of a pro se litigant, it has limits. Liberal construction does not require a court to conjure allegations on a litigant's behalf, and a pleading must provide notice to the opposing party of the relief sought." *Erwin v. Edwards*, 22 F. App'x. 579, 580 (6th Cir. 2001) (dismissing a § 1983 suit brought as a § 2254 petition). Although Posey is entitled to a liberal construction of her pleadings, her Complaint did not put anyone on notice that she was stating a due process claim, and the Court will not retroactively insert such a claim on her behalf.

## CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Posey's Objection (Doc. 31), and thus **ADOPTS** the R&R (Doc. 30). Accordingly, the Court **GRANTS** the Secretary's Motion for Summary Judgment (Doc. 25). As a result, the Court **DISMISSES** this action **WITH PREJUDICE**. The Court further **DIRECTS** the Clerk to **ENTER JUDGMENT** in the Secretary's favor, and terminate this matter on the Court's docket.

15

**SO ORDERED.**

October 7, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**